LOWITZ & BECKER & others *v.* JOHN T. ALDEN, Assignee.

A master appointed under ch. 164, sect. 17, of the Rev. Stats. to settle the accounts of a removed assignee, has jurisdiction over every question which goes to the charge and discharge of the assignee as an accounting party, though involving fraud in the performance of his trust; the act relating to jury trials in equity causes having no application to summary proceedings in equity, upon petition.

EXCEPTIONS to the report of a master, appointed, under the provisions of ch. 164, sect. 17 of the Revised Statutes, for the settlement of the accounts of an assignee under a voluntary assignment, removed by order of court.

Amongst other exceptions to the report, one taken was, in substance, that the master had exceeded his jurisdiction, by finding that the inventory produced to him by the assignee of the goods assigned, and which was provided for in the assignment, was not that originally taken, but that many valuable goods set down in the latter were omitted in the former; and had held the assignee to account upon the basis of that originally taken, as he found its amount to be, upon the proof. The ground for the exception was stated to be, that this was substantially a finding that the assignee had committed a fraud ; whereas, according to the course of equity in this state, this could only be done upon a bill filed, in the trial of which the assignee might have the benefit of his answer, and if he so elected, all might also have questions of fact found by a jury.

*Payne*, for the exceptions.

*Wm. H. Potter*, for the report.

AMES, C. J.   The statute (Rev. Stats. ch. 164, §§ 12 to 17, inclusive,) has authorized this court, upon the petition of creditors, to require an assignee, under a voluntary assignment for their benefit, to file an inventory of the assigned property, and to give bond with surety for the faithful performance of his trust; and under certain circumstances to remove the assignee, compelling him to account according to the course of equity, and to appoint a suitable person to receive, collect, take, and recover all the estate, effects, and credits conveyed by the deed of assignment, and to dispose of the same as the deed directs. That the remedy might be speedy enough to answer the purpose for which it was designed, this power is, in vacation of the court, to be exercised by a single justice thereof.

The very design in giving this " summary proceeding," as it is expressly called in the 17th section of the statute, was to avoid the incumbrance and delay of plea, answer, and replication. *Burlingame & Co.* v. *Emerson,* 5 R. I. Rep. 62.   The assignee is sufficiently privileged as to proof, by being allowed by another statute, although interested and a party, to testify in the proceeding generally as a witness; and the statute in relation to jury trials in equity causes has no application to it; since, by its express terms, it is confined to such causes as must be commenced by bill, and then, is the right of a party, only when demanded in writing within ten days after replication filed; both which provisions exclude such a case as this.

The court or justice removing an assignee is to make provision for the settlement of the assignee's accounts, " according to the course of equity; that is, by the appointment of a master, before whom both the creditors and assignee may be heard; and every question, though involving fraud on the part of the assignee, which goes to charge or discharge him as an accounting party, is within the jurisdiction of the master, and must be, to attain the purpose for which he is appointed.

This exception is therefore overruled.